```
                   IN THE DISTRICT COURT OF THE UNITED STATES
                       FOR THE DISTRICT OF SOUTH CAROLINA
                           ANDERSON/GREENWOOD DIVISION
```

| | | |
|---|---|---|
| Jeffery Moore, | ) | Civil Action No. 8:11-3349-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Sheriff Tony Davis and Captain Sharon Middleton, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jeffery Moore ("Plaintiff") is a state prisoner currently housed at the McCormick Correctional Institution of the South Carolina Department of Corrections. On December 14, 2011, Plaintiff, proceeding pro se filed this civil action against Sheriff Tony Davis and Captain Sharon Middleton ("Defendants") while he was incarcerated in the Greenwood County Detention Center ("GCDC"). Plaintiff's complaint alleges that Defendant Middleton opened his legal mail on November 30, 2011. (ECF No. 1 at 3.) Plaintiff seeks damages in the amount of $150,000 and to have his pending criminal case dismissed. (ECF No. 1 at 4.) He also wants all his legal fees paid by the Defendants. (*Id*.)

Defendants filed a motion for summary judgment on April 20, 2012 seeking summary judgment on the grounds that Defendants' actions do not rise to the level of a constitutional violation, that Defendants are entitled to qualified immunity pursuant to 42 U.S.C. § 1983 and cannot be held liable under the doctrine of *respondeat superior* or supervisory liability, and that Plaintiff has no claim against the Defendants under state law. (ECF No. 21.) Plaintiff responded to the Motion for Summary Judgment on April 27, 2012. (ECF No. 24.) Defendants filed a reply to Plaintiff's response on May 4, 2012. (ECF No.

26.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On July 20, 2012, Magistrate Judge Austin issued a Report and Recommendation recommending that the court grant Defendants' motion for summary judgment. (ECF No. 30 at 11.)

## STANDARD OF REVIEW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff objected to the Magistrate Judge's recommendation to this court on July 30, 2012 ("Objections"). (ECF No. 33.) After conducting a de novo review of the objections made, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees Defendants' Motion for Summary Judgment should be granted. The court has considered Plaintiff's Objections and finds that they are not specific, merely restate Plaintiff's arguments in opposition to Defendants' Motion for Summary Judgment, and otherwise do not alert the court to matters which were erroneously considered by the Magistrate Judge.

The Court finds that the Magistrate Judge prepared an extensive and detailed

2

Report and Recommendation and also appropriately addressed Plaintiff's prior arguments. The Magistrate Judge clearly and particularly explained why Plaintiff's claims do not rise to the level of a constitutional violation.

CONCLUSION

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein. Plaintiff's objections are overruled. Therefore, it is hereby ordered that Defendant's Motion for Summary Judgment (ECF No. 21) is GRANTED. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over any remaining state law claims to the extent alleged.

IT IS SO ORDERED.

                                                s/Mary G. Lewis
                                                United States District Judge

November 13, 2012
Spartanburg, South Carolina